```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

TANYA SHEPHERD,

                Plaintiff,

vs.                                   Case No. 2:04-cv-294-FtM-33SPC

JC PENNY CORPORATION, INC.
d/b/a JC PENNY SALON,

                Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Witness and Exhibit Lists and Motion for Partial Summary Judgment Pursuant to the Case Management Conference Order and Federal Rules 16, 26, 37, and 56 (Doc. # 32), filed on August 31, 2005.  Defendant filed its response in opposition on September 9, 2005. (Doc. # 45).

Upon due consideration, this Court finds that Plaintiff's Motion to Strike and Motion for Partial Summary Judgment should be denied.

**Background**

Plaintiff filed her complaint in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida on May 3, 2004. (Doc. #  2).  On May 26, 2004 Defendant removed this action to the this Court pursuant to 28 U.S.C. § 1441. (Doc. # 2).

The Case Management and Scheduling Order was originally

entered on December 2, 2004. (Doc. # 13).  Amended Case Management and Scheduling Orders, dealing with the final pretrial proceedings and trial, were entered on February 21, 2005 and March 24, 2005 (Docs. # 17 and 21).  The December 2, 2004 Case Management and Scheduling Order required the disclosure of expert reports to be on or before January 15, 2005.  (Doc. 13).  In addition, the December 2, 2004 Amended Case Management and Scheduling Order set the discovery deadline as February 15, 2005.  (Id.)  Further, the March 24, 2005 Amended Case Management and Scheduling Order required the parties to file witness lists and exhibit lists by August 17, 2005. (Doc. # 21).

    Unfortunately, as correctly stated by Plaintiff, Defendant failed to comply with several of the above deadlines and also failed to comply with the discovery rules set forth in the Federal Rules of Civil Procedure.

    Plaintiff argues that the court should employ the harsh sanction of evidence and witness preclusion due to Defendant's failure to conform to several court deadlines.

    Plaintiff thereafter argues that, should the Court strike Defendant's evidence and witnesses, Plaintiff's testimony is unopposed.  On this basis, Plaintiff seeks partial summary judgment on the issue of liability, and Plaintiff asks this Court to hold a jury trial on the issue of damages only.

**Analysis**

Rule 26(a), Fed. R. Civ. P., requires the parties to provide initial disclosures, and Rule 26(a)(2)(A)-(B), Fed. R. Civ. P., requires parties who retain expert witnesses to disclose these witnesses to opposing counsel with detailed reports, pursuant to the case management and scheduling order.

It is admitted by Defendant that some of the deadlines in this case have not been met.

Federal Rule 37(c)(1) states in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording the other party to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 37(c)(1), Fed. R. Civ. P.

The District Court is afforded broad discretion in governing discovery matters and in sanctioning discovery abuse. <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1542 (11th Cir. 1993)(court has "broad discretion to fashion appropriate sanctions for violations of discovery orders").

In the instant case, the Court finds that the illness of Defendant's prior counsel, Jeffrey D. Kottkamp, has caused the

discovery problems in this case. The affidavit of Attorney Kottkamp states in pertinent part:

> In May, 2004, I was retained to represent J.C. PENNY CORPORATION, INC., d/b/a J.C. Penny Salon . . . in a personal injury action filed by TANYA SHEPHERD.
> . . .
> On July 7, 2004, counsel for TANYA SHEPARD and myself met in person and agreed to deadlines for discovery, disclosure of witnesses, cut-off dates for motions, and a potential trial date to begin on June 15, 2005. Eight (8) days later, I was diagnosed with coronary artery disease which required immediate by-pass surgery. My initial surgery took place on July 15, 2004. As a result of complications, I was hospitalized at the Mayo Clinic in Rochester, Minnesota until September 19, 2004. From July 15, 2004 to November 15, 2004, I was completely disabled and unable to attend to this case, or any other legal matter. During my recovery, the Court entered a Case Management and Scheduling Order on December 6, 2004 setting deadlines for disclosure of expert reports, deadlines for discovery, deadlines for dispositive motions, and also set the scheduled trial to begin June 6, 2005.
> . . .
> My illness was complicated by the fact that I serve as a member of the Florida House of Representatives. My duties in the legislature required me to be out of town from March 8, 2005 until May 6, 2005.
> . . .
> Any failure to comply with deadlines set by the Court in this matter, or with deadlines set forth in the Federal Rules of Civil Procedure, were inadvertent and the result of my extended absence from the office as a result of health problems or my service in the Florida legislature. There was no intention on my part to violate either an Order of this Court or the deadlines set forth in the Federal Rules of Civil Procedure.

(Doc. # 44 at 1-2).

Defendant's memorandum in opposition to Plaintiff's Motion to Strike and Motion for Partial Summary Judgment also provides that during the time in question, Attorney Kottkamp was in a coma for

nearly two months and underwent more than twenty-five surgeries. (Doc. # 45 at 2). Defendant submits that Attorney Kottkamp departed from the law firm of Henderson, Franklin, Starnes, and Holt in August of 2005, and this case has been assigned to Attorney Bruce Stanley.

This Court determines that Plaintiff's motion seizes upon the unfortunate illness of Attorney Kottkamp and seeks drastic sanctions for excusable conduct under the circumstances.

Accordingly, this Court **DENIES** Plaintiff's motion to strike Defendant's witness and exhibit lists, and as this Court has determined that Defendant shall be permitted to present its exhibits and witnesses, this Court **DENIES** Plaintiff's motion for partial summary judgment, which was based solely on the hope that this Court would strike Defendant's evidence.

To remedy any prejudice Plaintiff may have suffered as a result of the late submissions of Defendant, including expert reports, witness lists, and exhibit lists, Plaintiff is afforded the opportunity to seek a continuance of this case until such time as Plaintiff has had an adequate opportunity to depose any or all of Defendant's witnesses and has had time to study Defendant's exhibits. If Plaintiff seeks a continuance of this case, Plaintiff is advised to move for such a continuance at the Final Pretrial

Conference set for Tuesday, September 20, 2005.

**Conclusion**

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

1.   Plaintiff's Motion to Strike Defendant's Witness and Exhibit Lists and Motion for Partial Summary Judgment Pursuant to the Case Management Conference Order and Federal Rules 16, 26, 37, and 56 (Doc. # 32) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 19th day of September, 2005.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record